IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIYARI RAHEEM HOGAN,
      Petitioner,

vs.                           Case No.: 3:18cv463/MCR/EMT

SHERIFF MICHAEL A. ADKINSON, JR.,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 6). Respondent Sheriff Adkinson and the Florida Attorney General assert defenses of failure to exhaust state court remedies, failure to state a federal claim, and waiver (*see* ECF Nos. 12, 13). The court provided Petitioner an opportunity to respond to Respondent's defenses (*see* ECF No. 14), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the

opinion of the undersigned that the petition should be dismissed, without prejudice, for Petitioner's failure to satisfy the exhaustion requirement prior to commencing this federal habeas action.

I.    BACKGROUND AND PROCEDURAL HISTORY

On October 3, 2016, Petitioner was arrested and charged in the Circuit Court in and for Walton County, Florida, Case No. 2016-CF-716, with one count of possession of less than 20 grams of marijuana (Count 1), two counts of possession of a controlled substance without a prescription (Counts 2 and 3), and one count of resisting arrest without violence (Count 4).[1]  On January 19, 2017, Petitioner pleaded nolo contendere to Counts 1 and 4.  The State dismissed Counts 2 and 3.  The trial court adjudicated Petitioner guilty on Counts 1 and 4 and sentenced him to a 12-month term of probation (*see* ECF No. 13-1, Ex. C).

---

[1] The court takes judicial notice of information available on the online public database of court records maintained by the Clerk of Court in and for Walton County, Florida, www.clerkofcourts.co.walton.fl.us.  *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

On February 4, 2017, Petitioner was arrested in Walton County Case No. 2017-MM-94, for misdemeanor trespass of a structure or conveyance (*see* ECF No. 13-1, Ex. A).  On February 9, 2017, an affidavit for violation of probation ("VOP") was filed in Case No. 2016-CF-716 based upon the new law violation charged in the misdemeanor case (*id.*, Ex. C).  On November 1, 2017, Petitioner pleaded nolo contendere in Case No. 2017-MM-94 (*id.*, Ex. B).  He also admitted the probation violation in Case No. 2017-CF-716 (*id.*).  The trial court restored 11 months of Petitioner's probation in Case No. 2017-CF-716, and sentenced him to 30 days in jail, with credit for time served since the VOP arrest (54 days) (*id.*).  In Case No. 2017-MM-94, the court sentenced Petitioner to an 11-month term of probation, to run concurrently with the probation in Case No. 2017-CF-716 (*id.*).

On January 4, 2018, Petitioner was arrested in Walton County Case No. 2018-MM-20, for misdemeanor trespass of a structure or conveyance and resisting an officer without violence.  On January 9, 2018, an affidavit for VOP was filed in Case No. 2016-CF-716 and Case No. 2017-MM-94, based upon the new law violations charged in Case No. 2018-MM-20 (ECF No. 13-1, Ex. C).  On March 21, 2018, Petitioner pleaded nolo contendere to both of the VOP cases as well as to the new misdemeanor charges in Case No. 2018-MM-20 (*id.*, Ex. E).  The same day, the trial court adjudicated Petitioner guilty in Case No. 2018-MM-20, and revoked and

terminated Petitioner's probation in Case Nos. 2016-CF-716 and 2017-MM-94. The court sentenced Petitioner in Case No. 2018-MM-20 to 180 days in jail, with credit for time served since the most recent VOP arrest (76 days in Case No. 2018-MM-20, and 74 days in the VOP cases) (*id.*, Ex. F).

Petitioner commenced this habeas case on March 19, 2018 (*see* ECF No. 1). He filed an amended petition on April 25, 2018, which is the operative pleading (ECF No. 6). Petitioner states he is challenging the judgments entered on November 1, 2017, which included the judgment entered in Case No. 2017-MM-94 and the VOP judgment in Case No. 2016-CF-716 (*see id.* at 1–2). Petitioner states he did not appeal either judgment, and the trial court's docket confirms this (*id.* at 2). Petitioner challenges the judgments on the ground that there was not a trespass order in place for Oakdale Apartments on February 6, 2017, when he was arrested at Oakdale Apartments for trespassing in Case No. 2017-MM-94 and charged with the VOP in Case No. 2016-CF-716 (ECF No. 6 at 9, 21–22). Petitioner alleges Officer Rockett lied in his arrest report when he stated that Officer J.T. Waters had issued Petitioner a trespass warning from Oakdale Apartments on October 5, 2016 (*id.* at 21). Petitioner states he was detained in the Walton County Jail on October 5, 2016, and there is no record that he was served with a trespass warning (*id.*). Petitioner alleges his trial counsel claimed that she obtained records from the jail showing that no one

served Petitioner with a trespass warning on October 5, 2016.  Petitioner alleges he saw the "trespass warrant," and it listed an address other than Oakdale Apartments (*id.* at 21–22).  Petitioner alleges his counsel advised him that the address did not matter, and that he had no viable defense to the trespass or VOP charge (*id.*).  Petitioner requests that this Court "overturn" his plea on the ground that he was never served a trespass warning on October 5, 2016, and his trial counsel failed to seek dismissal of the trespass and VOP charges on this basis (*id.* at 22).

Respondent Sheriff Adkinson contends the habeas petition is subject to dismissal for Petitioner's failure to exhaust state court remedies (ECF No. 12).  Sheriff Adkinson contends Petitioner did not directly appeal either of the judgments, nor did he file a motion alleging ineffective assistance of trial counsel ("IATC") (*id.*).

Attorney General Bondi construes the habeas petition as asserting only a claim of false arrest (*see* ECF No. 13 at 7–8).  Attorney General Bondi argues that the claim is unexhausted, because Petitioner did not present it on direct appeal or in a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (*id.* at 8).  Attorney General Bondi also argues that Petitioner's claim of false arrest presents only a state law issue and thus does not entitle him to federal habeas relief (*id.*).  Attorney General Bondi further contends Petitioner does not challenge the

voluntariness of his plea, and he waived any false arrest claim by virtue of his plea (*id.* at 8–9).

## II.    DISCUSSION

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144

---

[2] Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A)  the applicant has exhausted the remedies available in the courts of the State; or
      (B) (i)  there is an absence of available State corrective process; or
        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 254(b)–(c).

L. Ed. 2d 1 (1999); <u>Picard</u>, 404 U.S. at 277–78. If a petitioner fails to exhaust state remedies, a district court should dismiss the petition without prejudice to allow exhaustion. *See* <u>Rose v. Lundy</u>, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); <u>Ward v. Hall</u>, 592 F.3d 1144, 1156 (11th Cir. 2010).

The court liberally construes Petitioner's habeas petition as asserting a challenge to his plea to both the VOP in Case No. 2016-CF-716 and the misdemeanor charge in Case No. 2017-MM-94, on the ground that his counsel failed to seek dismissal of the charges. Petitioner concedes he did not present this challenge to his plea either in a direct appeal or a Rule 3.850 motion (*see* ECF No. 6 at 9).[3]

In Florida, claims of an involuntary guilty plea and ineffective assistance of counsel are properly asserted in a Rule 3.850 motion. *See* <u>Jones v. State</u>, 421 So. 2d 55, 57 (Fla. 1st DCA 1982) (citing <u>LeDuc v. State</u>, 415 So. 2d 721 (Fla. 1982)); *see also* Fla. R. Crim. P. 3.850(a)(5). Petitioner has not filed a Rule 3.850 motion in either the VOP case (Case No. 2016-CF-716) or the misdemeanor case (Case No. 2017-MM-94). Petitioner has two years from the date the challenged judgment(s) becomes final in which to file a Rule 3.850 motion. *See* Fla. R. Crim. P. 3.850(b). Petitioner states he is challenging the judgments rendered on November 1, 2017 (*see*

---

[3] Petitioner states he has a "petition" pending in the trial court (*see* ECF No. 6 at 18), but there is no indication of a pending post-conviction pleading in the online public docket of any of Petitioner's Walton County criminal cases.

ECF No. 6 at 2); therefore, he still has time to timely exhaust his claim(s) in state court.  The instant habeas action should be dismissed without prejudice to allow Petitioner an opportunity to exhaust his claim(s) in state court.

Petitioner is advised that although the dismissal of his § 2254 petition is without prejudice to his filing a § 2254 petition once he has exhausted his state court remedies, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.  Petitioner is reminded that 28 U.S.C. § 2244(d) establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments.  The one-year period normally runs from the date upon which the conviction became final.  *See* § 2244(d)(1).  But the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted toward the limitations period.  *See* § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).  The pendency of a federal habeas proceeding does not toll the one-year limitations period.  *See* Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L.Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)) (emphasis added).

## III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (citing Miller-El, 537 U.S. at 327).  Here, Petitioner cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent Adkinson's motion to dismiss (ECF No. 12) be **GRANTED**.

2.      That Petitioner's amended § 2254 petition (ECF No. 6) be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to exhaust state court remedies.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19<u>th</u> day of November 2018.


<u>*/s/ Elizabeth M. Timothy*</u>
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other**

parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.